JOSEPH E. GANNON and BETTYJANE GANNON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gannon v. Commissioner
Docket No. 9848-78.
United States Tax Court
T.C. Memo 1980-81; 1980 Tax Ct. Memo LEXIS 499; 39 T.C.M. (CCH) 1261; T.C.M. (RIA) 80081; March 20, 1980, Filed Joseph E. Gannon, pro se. Robert A. Miller, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined deficiencies of $1,616.45 and $731.27, respectively, in petitioners' Federal *500 income taxes for 1974 and 1975. The issues [1] for our determination are (1) whether "rental allowances" paid by petitioner-husband's employer to him are includable in income under section 61 [2] and whether they are deductible under section 162 as employee business expenses; (2) whether petitioners are entitled to a greater moving expense deduction in 1975, under section 217, than has been allowed by respondent; (3) whether, in connection with petitioner-wife's occupation of real estate agent, petitioners are entitled to a greater deduction, under section 162, for telephone and automobile expenses than has been allowed by respondent; and (4) whether petitioners are liable for self-employment taxes in 1974 and for additional self-employment taxes in 1975. *501 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by reference. At the time they filed their petition, petitioners resided at Ellicott City, Maryland. For the years at issue, petitioners timely filed joint Federal income tax returns. Petitioner Joseph E. Gannon (hereinafter Joseph), an engineering and construction site manager for the General Electric Company (hereinafter Company), received, in addition to his regular salary, a rental allowance of $3,412.50 in 1974 and of $2,475.00 in 1975. [3] These amounts were shown as income and included on his W-2 forms from the Company. *502 Joseph felt that his job circumstances were somewhat unique. He had to relocate often on short notice, and the Company encouraged him to move his family with him.In June, 1973, petitioners moved from Wilmington, North Carolina to Columbia, Maryland; in June, 1975, they moved to Mattoon, Illinois, and in May, 1976, they returned to Columbia, Maryland. The move from Columbia, Maryland to Mattoon, Illinois in 1975 is the subject of the second issue. On their 1975 return, petitioners claimed the following moving expense deductions: A. Transportation of goods
$2,138.59
B. Travel, meals and lodging
290.56
C. Pre-move and temporary
quarters
1,000.00
D. Expenses incident to settlement
of unexpired lease
751.33
E. Expenses incident to acquiring
a new lease
300.00
TOTAL
$4,480.48
Respondent determined that petitioners were reimbursed the following amounts from the Company and disallowed the moving expense claimed to the extent of these reimbursements: A. Moving allowance
$250.00
B. Car registration
34.00
C. Telephone installation
17.33
TOTAL
$301.33
Respondent also determined that part of the amount claimed for transportation *503 of goods represented storage of household goods for over 30 days and disallowed $113 of the allowance claimed. Similarly, respondent determined that the amount claimed with respect to expenses incident to acquiring a new lease was a security deposit for obtaining the lease and disallowed the entire $300 claimed. During 1974 and 1975, Bettyjane Gannon (hereinafter Bettyjane) worked as a real estate agent. In connection with Bettyjane's business, petitioners claimed deductions in 1974 for telephone expenses of $420 and for automobile expenses of $3,370. For 1975, petitioners claimed a deduction of $210 for telephone expenses.Respondent determined that petitioners were entitled to a business expense deduction of one-half of their basic telephone rate of $18 per month ($108 per year) for their residential telephone. Respondent, further, allowed only $1,200 (10,000 business miles at a rate of 12" per mile) for Bettyjane's automobile expenses for 1974 and disallowed the remaining $2,170. Bettyjane was not present at trial and no new evidence was introduced with respect to these items. Joseph affirmed, "My contention is that I provided the necessary information and stated my position *504 and the IRS has disagreed and placed arbitrary values on these claims." Before the disallowance of Bettyjane's business expenses, her business had shown a loss in 1974. Petitioners, therefore, paid no self-employment taxes in that year. Respondent, depending on an outcome to the third issue favorable to him, determined that Bettyjane had net self-employment income in 1974 in the amount of $1,031.00 upon which petitioners, he asserts, are liable for self-employment tax of $81.45. Likewise, as a result of a disallowance of part of the claimed telephone expense in 1975, respondent determined that Bettyjane had more self-employment income upon which petitioners are liable for additional self-employment tax of $8.06. ULTIMATE FINDINGS OF FACT (1) Petitioners must include in their income the rental allowance Joseph received from the Company in 1974 and 1975 and may not deduct them as employee business expenses; (2) Petitioners are not entitled to a moving expense deduction in 1975 in excess of that allowed by respondent; (3) Petitioners are not entitled to business expense deductions for telephone and for automobile expenses in excess of that allowed by respondent; and (4) *505 Petitioners are liable for self-employment taxes in 1974 and for additional self-employment taxes in 1975. OPINION Respondent's determination of deficiency is presumptively correct. Petitioners have the burden of proving such determination is wrong. Welch v. Helvering, 209 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 61(a) provides a comprehensive definition of gross income. The Supreme Court has interpreted gross income to include "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Petitioners have characterized the rental allowance paid by Joseph's employer as a rent subsidy. Nevertheless, Joseph received the payments because of the services he performed for the Company and those payments clearly increased his wealth. The rental allowances paid to Joseph in 1974 and 1975, therefore, are includable in petitioners' gross income. Deductions are a matter of legislative grace; petitioners must prove they are entitled to a deduction under the terms of the applicable statute. Interstate Transit Lines v. Commissioner, 319 U.S. 590 (1943), *506 New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).
Section 162 allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 262 provides that no deduction shall be allowed for personal, living and family expenses. Section 1.262-1(b)(3), Income Tax Regs., lists costs for maintaining a household, such as rent, as an example of nondeductible personal, living and family expenses. Although petitioners were required to move frequently, were encouraged to relocate their family and to rent and not purchase a home, petitioners' rental allowances in 1974 and 1975 cannot be characterized as a business expense; rather, they are nondeductible personal expenses. Respondent's error in allowing petitioners a deduction for food and lodging in connection with Joseph's temporary employment in 1975 [4] does not provide a basis for us to find a deduction for the remainder of the rental allowances paid to Joseph in 1975. With regard to petitioners' claim for *507 moving expense deductions and for telephone and automobile business expense deductions greater than the amounts already allowed by respondent, petitioners have offered no evidence to substantiate their contentions. Joseph's statement that he disagrees with respondent's "arbitrary values" on these items does not prove that respondent's determination is incorrect. Having failed to substantiate Bettyjane's business expenses in an amount greater than that allowed by respondent, petitioners are also liable for self-employment taxes on the increased amount of her income. Decision will be entered for the respondent. Footnotes
1. Respondent's determination of deficiencies includes a decrease in petitioners' medical expense deductions in the amounts of $96.02 for 1974 and $79.29 for 1975. This reduction is due to respondent's adjustments for petitioners' adjusted gross income, which adjustments petitioners herein contest, and not based on any dispute over petitioners' medical expenditures in those years.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise stated.↩
3. With respect to 1975, respondent determined that Joseph was entitled to a deduction for food and lodging in the amount of $648 and, therefore, disallowed only the remaining $1,827. In his testimony, Joseph asserted that respondent was taking an inconsistent position by allowing a deduction for some of his rental allowance. On brief, respondent asserted that he had not previously realized that petitioners did not maintain a home in Columbia, Maryland while they were in Illinois, and thus had erroneously allowed the deduction for food and lodging.↩
4. Respondent thought petitioners were maintaining a home in Columbia, Maryland when Joseph was employed in Mattoon, Illinois.↩